ALLSTATE INSURANCE COMPANY,
INC., Plaintiff,

v.

Edward P. JONES, Connie C. Jones,
and Quincy Burks, a minor,
Defendants.

Civ. A. No. 90–T–542–N.

United States District Court,
M.D. Alabama, N.D.

April 8, 1991.

David E. Allred, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., for plaintiff.

John T. Alley, Jr., Montgomery, Ala., for Edward & Connie Jones.

William D. Davis, III, Birmingham, Ala., appointed guardian ad litem for Quincy Burks.

## ORDER

MYRON H. THOMPSON, Chief Judge.

This cause is before the court on the motion of the court-appointed guardian ad litem for fees and expenses rendered in this case for a minor defendant. The guardian asks the court to tax these fees against plaintiff Allstate Insurance Company, Inc. and defendants Edward P. and Connie C. Jones. For the reasons that follow, the court concludes that the motion should be granted and that the guardian may recover his fees and expenses as costs from Allstate and that, in turn, Allstate may recover those costs from the Joneses.

Contemporaneously with the filing of its complaint in this declaratory judgment action in May of 1990, Allstate asked the court to appoint a guardian ad litem to represent the interests of a minor defendant, Quincy Burks. On August 10, this court granted Allstate's motion pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. Rule 17(c) provides that the court "shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

The guardian now seeks to recover fees for 19 hours of time expended in this litigation and for expenses of $172.75 incurred in the taking of two depositions. Allstate objects to having to bear this cost because it is the "prevailing party" in this litigation. The Joneses object to having to pay the cost because they neither brought this action nor requested the appointment of a guardian.

■ The fees and expenses of a guardian ad litem are taxable as costs under 28 U.S.C.A. § 1920 (West 1966 & Supp.1990) and Fed.R.Civ.P. 54. *duPont v. Southern National Bank of Houston,* 771 F.2d 874, 882 (5th Cir.1985), *cert. denied,* 475 U.S. 1085, 106 S.Ct. 1467, 89 L.Ed.2d 723 (1986); *Schneider v. Lockheed Aircraft Corp.,* 658 F.2d 835, 854–55 (D.C.Cir.1981), *cert. denied,* 455 U.S. 994, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982). Rule 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." While in the usual case, it will be appropriate to tax costs in favor of the prevailing party and against the nonprevailing party, this will not always be true.[1] Rule 54's language, "unless the court otherwise directs," is generally considered to state "an equitable principle ... [which] vests in the district court a sound discretion over the allowance, disallowance, or apportionment of costs in all civil actions." 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[5] at 54–331 (1990). *See also* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2668 (2d ed.1983).

■ Generally, courts rely on "equity principles" to award a guardian's costs to a nonprevailing party "only when absolutely necessary to protect the interests of the minor party." *Friends for All Children, Inc. v. Lockheed Aircraft Corp.,* 725 F.2d 1392, 1399 n. 3 (D.C.Cir.1984). In so doing, courts have drawn a reasonable distinction between a minor plaintiff and a minor defendant, and found a much stronger case for awarding guardian costs to a minor defendant, even when he is a nonprevailing

party, because his role in the litigation is involuntary. *Id.*

■ In this case, Allstate immediately necessitated the appointment of the guardian ad litem by bringing this declaratory judgment action and naming the injured minor Burks as a defendant. Further, Allstate was the only party which requested the appointment of a guardian, and it obtained a considerable benefit from that appointment since it was thereby saved from the possibility of an additional lawsuit. Finally, the court agrees with the guardian that, once this action was brought, Alabama law required the appointment of the guardian to protect the rights of the minor defendant. *See Citizens Walgreen Drug Agency, Inc. v. Gulf Ins. Co.,* 282 Ala. 648, 213 So.2d 814, 818 (1968). Thus, the court concludes that Allstate should, at least in the first instance, bear the cost of the guardian's fees and expenses.

However, Allstate was the prevailing party in this action in that it obtained a jury determination that it owed no liability to the Joneses under their Allstate insurance policy. Thus, the court concludes that Allstate should be allowed, if it chooses, to recover the guardian's fees and expenses as costs from the Joneses. After the court makes a determination of the reasonableness of the fees and expenses which the guardian may recover from Allstate, then the court will in turn allow Allstate leave to file a bill of costs against the Joneses in the amount of the guardian's costs.[2]

Accordingly, it is ORDERED that the fee motion of the guardian ad litem, filed November 26, 1990, be and it is granted, and the reasonable fees and expenses of the

---

**1.** There is no absolute prohibition in Rule 54 of an award of costs against a prevailing party. *See, e.g., Sheets v. Yamaha Motors Corp.,* 891 F.2d 533, 539–40 (5th Cir.1990) (allowing the taxing of costs against a prevailing party in certain circumstances as a sanction).

**2.** This conclusion is also not inconsistent with the result that could obtain under Alabama law. The Alabama Supreme Court very recently approved the taxation of one-half of the cost of a guardian ad litem against the prevailing party and one-half against the nonprevailing party in a declaratory judgment action where both parties requested the appointment. *Covert v. Aetna*

*Casualty and Surety Co.,* 567 So.2d 1348 (Ala. 1990). Since Rule 17(c) "is silent on the issue of compensation and taxation of costs for such guardians, a federal court may, in its discretion, follow the policy of the forum state on the ascertainment and taxation of such costs, in the absence of contrary federal law." *United States v. Henagan,* 552 F.Supp. 350, 351 (M.D.Ala.1982) (Thompson, J.). *See also* 3A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶ 17.26 at 17–219 (1990); 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 1570 at 506 (2d ed. 1990).

guardian ad litem are to be paid by plaintiff Allstate Insurance Company, Inc., but with leave to plaintiff Allstate Insurance Company, Inc. to have said fees and expenses taxed against defendants Edward P. Jones and Connie C. Jones.

It is further ORDERED that the issue of the amount of fees and expenses the guardian should receive is set for submission, without oral argument, on April 29, 1991, with the guardian ad litem to submit his brief and evidentiary materials documenting his fees and expenses by April 15, 1991 and the other parties to submit any reply briefs and evidentiary materials by April 29, 1991. Any request for an evidentiary hearing must be filed by April 29, 1991.