United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 02-41655
Summary Calendar

_____

CARLTON GADDIS; LATANZA GADDIS,
INDIVIDUALLY AND AS NEXT FRIEND OF COURTLIN GADDIS, A MINOR;
COURTLIN GADDIS, A MINOR,

Plaintiffs-Appellees,

VERSUS

UNITED STATES OF AMERICA; ET AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
m 1:00-CV-34

_____

Before HIGGINBOTHAM, SMITH, and
    CLEMENT, Circuit Judges.

PER CURIAM:[*]

The United States appeals a judgment ordering it to pay guardian *ad litem* fees as a taxable cost. Based on our precedents, we affirm.

Carlton and Latanza Gaddis were stopped at a street intersection when a postal employee drove his government vehicle into theirs. Latanza, who was pregnant, initially suffered minor discomfort, but a few weeks later she prematurely delivered their son, Courtlin, with serious birth defects. The Gaddises sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, for negligence. They requested, and the district court appointed, a guardian *ad litem* for Courtlin.[1] After a bench trial, the court found the United States liable for Courtlin's injuries and awarded the Gaddises over $4 million in damages. The court also taxed as costs $46,299 in guardian *ad litem* fees against the government under FED. R. CIV. P. 54(d)(1).

The government appeals a discrete legal issue. It does not challenge the finding of liability, the damages, or the calculation of guardian *ad litem* fees, which we would review for abuse of discretion. *Dickerson v. United States*, 280 F.3d 470, 478 (5th Cir. 2002). Ra-

ther, it argues that guardian *ad litem* fees are not taxable costs at all or at least not against the United States. We review this question of law *de novo*. *Roe v. Tex. Dep't of Protective & Regulatory Servs.*, 299 F.3d 395, 400 (5th Cir. 2002).

The government contends, in four steps, that no rule or statute authorizes a court to tax guardian *ad litem* fees as costs against a losing party. Rule 54(d)(1) states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" FED. R. CIV. P. 54(d)(1). Next, the Supreme Court has held that "[28 U.S.C.] § 1920 defines the term 'costs' as used in rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Section 1920, in turn, lists several items but does not include guardian *ad litem* fees. Thus, the government concludes, the court may not tax the fees as costs against the losing party.

This sleek reasoning flatly contradicts our caselaw. In *duPont v. S. Nat'l Bank*, 771 F.2d 874, 882 (5th Cir. 1985), we held that "[a]s an officer of the court, the expenses of a guardian *ad litem* are properly taxable as costs pursuant to FED. R. CIV. P. 54(d)." *DuPont* preceded *Crawford Fitting*, and the government argues that *Crawford Fitting* implicitly overruled *duPont*. In three recent cases, however, we cited *duPont* as good law and treated guardian *ad litem* fees as taxable costs as long as the guardian acted as a guardian *ad litem*, not an attorney *ad litem*. *See Dickerson*, 280 F.3d at 478; *Lebron v. United States*, 279 F.3d 321, 332-33 (5th Cir. 2002); *Gibbs v. Gibbs*, 210 F.3d 491, 506 (5th Cir. 2000).[2]

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Mr. and Mrs. Gaddis, who also sued the United States for loss of consortium with Courtlin, feared that an unexpected conflict of interest with Courtlin might occur during the litigation.

[2] The United States concedes that, if guardian *ad litem* fees are taxable costs, $46,299 is a
(continued...)

The government relegates these cases to a footnote and asks us to disregard them because they do not cite *Crawford Fitting*. Yet, we must follow the decisions of our panels. *Roark v. Humana, Inc.*, 307 F.3d 298, 313 (5th Cir. 2002), *petition for cert. filed* (June 20, 2003) (No. 02-1845), and *petition for cert. filed* (June 3, 2003) (No. 02-1826). We therefore continue to treat guardian *ad litem* fees as taxable costs against a losing party.

The government alternatively argues that it has sovereign immunity from guardian *ad litem* fees, even if they are taxable costs for private parties. The United States has immunity from judgments of costs and expenses absent its unequivocal statutory consent. FED. R. CIV. P. 54(d)(1); *United States v. Worley*, 281 U.S. 339, 344 (1930). The United States has consented that "a judgment for costs, as enumerated in section 1920 . . . may be awarded to the prevailing party in any civil action brought . . . against the United States." 28 U.S.C. § 2412(a)(1). The government contends that § 2412(a)(1) does not waive immunity from guardian *ad litem* fees, because the fees are not "enumerated" in § 1920.

Again, however, this argument contradicts our caselaw. We have explained that our cases, both before and after *Crawford Fitting*, treat guardian *ad litem* fees as taxable costs under Rule 54(d)(1) and, hence, under § 1920. Furthermore, *Dickerson* and *Lebron*, also FTCA actions, implicitly rejected the government's claim of sovereign immunity by approving in principle the decision to tax guardian *ad litem* fees against the government and remanding solely for calculation of the fees. *Dickerson*, 280 F.3d at 478; *Lebron*, 279 F.3d

at 332-33. Thus, we must adhere to our position that § 2412(a)(1) waives sovereign immunity against the taxed cost of guardian *ad litem* fees.

AFFIRMED.

---

[2](...continued)
reasonable cost for the guardian's work.