DeMOSS, Circuit Judge:
We took this case en banc to consider whether guardian ad litem fees could be taxed against the government in a Federal Tort Claims Act (“FTCA”) case, in light of Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). For the reasons that follow, we conclude that federal district courts may continue to choose to tax guardian ad litem fees as court costs against nonpre-vailing parties, including against the government in an FTCA case. We thus AFFIRM the decision of the district court to tax guardian ad litem fees against the government here.
BACKGROUND
The panel, in Gaddis v. United States, 70 Fed.Appx. 190, 191 & n. 1 (5th Cir.2003) (unpublished), gave a concise statement of the facts and background, which we reproduce below:
Carlton and Latanza Gaddis were stopped at a street intersection when a postal employee drove his government vehicle into theirs. Latanza, who was pregnant, initially suffered minor discomfort, but a few weeks later she prematurely delivered their son, Courtlin, with serious birth defects. The Gaddis-es sued the United States under the Federal Tort Claims Act (“FTCA”), 28 U.S.C. § 2671 et seq., for negligence. They requested, and the district court appointed, a guardian ad litem for Courtlin.[1] After a bench trial, the court found the United States liable for Court-lin’s injuries and awarded the Gaddises over $4 million in damages. The court also taxed as costs $46,299 in guardian ad litem fees against the government under Fed.R.Civ.P. 54(d)(1).
The Gaddis parents had moved for the appointment of George Bean (“Mr. Bean”) as guardian ad litem for Courtlin to represent his interests in the automobile accident litigation. The government opposed such appointment as premature, arguing that there was no allegation of a conflict of interest among the Gaddises nor of any prejudice to Courtlin’s interests. In reply, the Gaddis parents urged that Federal Rule of Civil Procedure 17(c)[2] authorizes the court appointment of a guardian ad litem in cases involving minors and that Courtlin should be appointed a guardian *448 ad litem to ensure that no one take an unfair advantage in relation to him. The district court agreed with the Gaddis parents and appointed Mr. Bean as guardian ad litem “to represent the interests of the minor Plaintiff, COURTLIN GADDIS, in the [ ] litigation.” The district court further ordered that “the fees charged for the Ad Litem’& services be reasonable and necessary for representation of the Minor” and that “the fees charged shall be taxed as court costs subject to approval by the Court.”
After the bench trial concluded with a finding of government liability, Mr. Bean filed a motion for his guardian ad litem fees and requested they be charged against the government as costs pursuant to Federal Rule of Civil Procedure 54(d).[3] The government opposed the motion on several grounds. The government relied on Crawford Fitting for its claim that the district court lacked subject matter jurisdiction to award Mr. Bean guardian ad litem expenses as costs under Rule 54(d) at all, and specifically to tax such costs against the government because the government in 28 U.S.C. § 2412(a)[4] had only waived its sovereign immunity to pay for costs as enumerated in 28 U.S.C. § 1920,[5] and guardian ad litem fees are not included in § 1920. The government also contended that even if the court could award the guardian ad litem fees as costs, most of Mr. Bean’s claimed expenses were for *449 his legal work as an attorney on behalf of Courtlin, not for services provided as Courtlin’s guardian ad litem.
The district court then held a hearing to determine issues pertaining to the entry of judgment concerning Courtlin. During that hearing, the court fully considered the government’s arguments regarding the taxation of guardian ad litem fees and determined that it was bound to follow our post-Crawford Fitting precedents in Dickerson v. United States, 280 F.3d 470, 478 (5th Cir.2002); Lebron v. United States, 279 F.3d 321, 332 (5th Cir.2002); and Gibbs v. Gibbs, 210 F.3d 491, 506-08 (5th Cir.2000), which cases all allowed for the taxation of the prevailing party’s guardian ad litem fees as costs under Rule 54(d), but not including fees attributable to any legal services performed by the guardian ad litem.[6] These three cases were decided after Crawford Fitting, and the district court correctly pointed out that the Dickerson and Lebrón cases both specifically involved the taxation of guardian ad litem fees against the government where the plaintiff had prevailed in an FTCA claim.
After determining that it could properly tax Mr. Bean’s guardian ad litem fees against the government, the district court proceeded to analyze Mr. Bean’s expenses in this case — attempting to distinguish between Mr. Bean’s time spent as Courtlin’s guardian ad litem (taxable against the government as a cost) versus his time spent serving as a legal advisor to Courtlin (certainly entitled to be paid, but not chargeable against the government as a cost). After a thorough analysis, which took place at the hearing, the court disallowed $1687.50, which appeared to be in the nature of attorney’s fees, and allowed a total of $46,299.00 as legitimate guardian ad litem fees. In the final judgment, the district court concluded that “the United States shall pay, as a taxable cost of court, the Guardian Ad Litem’s fee in the amount of $46,299.00.”
The government timely appealed the taxation of guardian ad litem fees only, and a panel of this Court, in a per curiam unpublished opinion, affirmed the award of costs. We agreed to hear the case en banc.
DISCUSSION
Here, the government seeks further review of the discrete legal issue of whether guardian ad litem fees are taxable costs at all, or are at least not taxable against the United States. As the panel indicated, this is a pure question of law subject to de novo review. See Roe v. Tex. Dep’t of Protective & Regulatory Servs., 299 F.3d 395, 400 (5th Cir.2002).

Whether a district court may tax guardian ad litem fees as costs against the nonprevailing government in an FTCA action.

Regarding this issue, the government made the same arguments on appeal as it did in the district court, and as it makes here to the en banc Court. First, the government claims the Supreme Court has ruled in Crawford Fitting that the costs allowed by Federal Rule of Civil Proce *450 dure 54(d) to a prevailing party in a federal proceeding are limited to those itemized in 28 U.S.C. § 1920, which does not include any provision relating to guardian ad litem fees. Second, the government submits that under Rule 54(d) and 28 U.S.C. § 2412(a)(1), costs may be levied against it, but only as enumerated in § 1920; that is, the government has waived none of its sovereign immunity as to costs not authorized by statute.
In Crawford Fitting, the Supreme Court explained that 28 U.S.C. § 1821[7] limits the amount of litigants’ witness fees awarda-ble, and § 1920 allows a court to tax such fees as costs only within those limits. 482 U.S. at 441-42, 107 S.Ct. 2494. In the absence of statutory or contractual authorization for more generous payments, federal courts are constrained by the $30-per-day (now $40-per-day) cap when ordering one side to pay for the other’s expert witnesses. Id. at 444-45, 107 S.Ct. 2494. Crawford Fitting involved two cases of awards to prevailing parties that covered all the expenses reasonably incurred for their experts, bestowed under the authority of Rule 54(d) as costs. The Court rejected the excessive awards, concluding that “absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant’s witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920.” Id. at 445, 107 S.Ct. 2494. In coming to that holding, the Supreme Court considered the interplay among Rule 54(d), § 1920, and 1821(b):
Petitioners argue that since § 1920 lists which expenses a court “may” tax as costs, that section only authorizes taxation of certain items. In their view, § 1920 does not preclude taxation of costs above and beyond the items listed, and more particularly, amounts in excess of the § 1821(b) fee. Thus, the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in § 1920. We think, however, that no reasonable reading of these provisions together can lead to this conclusion, for petitioners’ view renders § 1920 superfluous. If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever. We think the better view is that § 1920 defines the term “costs” as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party. One of the items enu *451 merated in § 1920 is the witness fee, set by § 1821(b) at $30 per day.
We cannot accept an interpretation of Rule 54(d) that would render any of these specific statutory provisions entirely without meaning. Repeals by implication are not favored, and petitioners proffer the ultimate in implication, for Rule 54(d) and §§ 1920 and 1821 are not even inconsistent. We think that it is clear that in §§ 1920 and 1821, Congress comprehensively addressed the taxation of fees for litigants’ witnesses. This conclusion is all the more compelling when we consider that §. 1920(6) allows the taxation, as a cost, of the compensation of court-appointed expert witnesses. There is no provision that sets a limit on the compensation for court-appointed expert witnesses in the way that § 1821(b) sets a. limit for litigants’ witnesses. It is therefore clear that when Congress meant to set a limit on fees, it knew how to do so. We think that the inescapable effect of these sections in combination is that a federal court may tax expert witness fees in excess of the $30-per-day limit set out in § 1821(b) only when the witness is court-appointed. The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920.
Id. at 441-42, 107 S.Ct. 2494. We note that neither Crawford Fitting, the opinions of the two lower courts which were appealed in that case, nor any of the briefs submitted makes any specific mention of the propriety of taxing guardian ad litem fees as costs pursuant to Rule 54(d) or otherwise.
The Supreme Court restated its holding from Crawford Fitting in West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83, 86, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), superceded by statute as stated in Landgraf v. USI Film Products, 511 U.S. 244, 251, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994): “[W]e held that [§§ 1920 and 1821] define the full extent of a federal court’s power to shift litigation costs absent express statutory authority to go further.” The Court explained: “Crawford Fitting said that we would not lightly find an implied repeal of § 1821 or of § 1920, which it held to be an express limitation upon the types of costs which, absent other authority, may be shifted by federal courts.” Casey, 499 U.S. at 87, 111 S.Ct. 1138.
The precise issue in Casey was whether fees for services rendered by experts in civil rights litigation may be shifted to the nonprevailing party pursuant to § 1988, which permits the award of “a reasonable attorney’s fee as part of the costs.” Id. at 97-102, 111 S.Ct. 1138; 42 U.S.C.A. § 1988(b) (West 2004). The Court ultimately held: “ § 1988 conveys no authority to shift expert fees. When experts appear at trial, they are of course eligible for the fee provided by § 1920 and § 1821.” Casey, 499 U.S. at 102, 111 S.Ct. 1138. Again, neither Casey, the opinion below; nor any of the briefs submitted makes any specific mention of the propriety of taxing guardian ad litem fees as costs pursuant to Rule 54(d) or otherwise. Moreover, Congress disagreed with the Court shortly after it provided its interpretation of § 1988 as to attorney’s fees in Casey and in 1991 amended § 1988 to explicitly provide courts the discretion to “include expert fees as part of the attorney’s fee.” 42 U.S.C.A. § 1988(c) (West 2004). The Court itself conceded that § 113 of the 1991 Civil Rights Act, which added subsection (c) to § 1988, was obviously drafted with Casey’s erroneous result in mind. Landgraf, 511 U.S. at 251, 114 S.Ct. 1483.
*452 This Court has certainly followed the specific holding of the Supreme Court in Crawford Fitting, as restated in Casey, as to the monetary cap on litigants’ witness fees explicitly set by Congress in § 1821(b), which cannot be circumvented by federal courts under the sole authority of Rule 54(d).[8] In fact, this Court in Coats v. Penrod Drilling Corp., 5 F.3d 877 (5th Cir.1993), also stated: “Rule 54(d) of the Federal Rules of Civil Procedure provides for an award of costs ‘to the prevailing party unless the court otherwise directs.’ 28 U.S.C. § 1920 defines recoverable costs, and a district court may decline to award the costs listed in the statute but may not award costs omitted from the list.” Id. at 891 (footnote and citation omitted). However, in Coats, as in Crawford Fitting and Casey, again the taxation of guardian ad litem fees pursuant to Rule 54(d) or otherwise was not at issue. Rather, we were considering the propriety of the costs of obtaining transcripts for several depositions necessarily obtained for use at trial, travel expenses, costs of “blow-ups,” video technician fees, party witness fees, party expert fees, and costs of photocopies necessarily obtained for use in the case. Coats, 5 F.3d at 891-92.
Here, we acknowledge the government’s argument as it is inferred from the language of Crawford Fitting quoted above. That is, because § 1920 is silent as to guardian ad litem fees, it does not include or define them as costs. Therefore, such guardian ad litem fees are not taxable as costs against a nonprevailing party under Rule 54(d), particularly the government under § 2412(a), which expressly cross-references § 1920.
However, we easily reject the government’s argument: first, because Federal Rule Civil Procedure 17(c) constitutes the alternative express statutory authorization as required by Crawford Fitting to provide district courts with the inherent power and discretion to tax guardian ad litem fees as costs against the nonprevailing party, including the government in an FTCA ease; second, because even if Rule 17(c) did not constitute the alternative express statutory authority as required by Crawford Fitting, we reasonably interpret the meaning of the phrase “court appointed experts” in § 1920(6) to encompass guardians ad litem such that district courts can tax their compensation as costs per § 1920, including against the government in an FTCA case; and finally, because even in light of Crawford Fitting, this Court’s precedent dictates the propriety of district courts taxing guardian ad litem fees as costs, including against the government in an FTCA case.

Rule 17(c) grants district courts the inherent authority to tax guardian ad litem fees as costs.

We start with Federal Rule of Civil Procedure 17(c), which is the source of the district court’s authority to appoint Mr. Bean as guardian ad litem for the minor Courtlin Gaddis in this FTCA case. We note that the Supreme Court has never construed, interpreted, or applied Rule 17(c) in any opinion.[9] The only historical *453 note in the published rules indicates that Rule 17(c) “is substantially former Equity Rule 70 (Suits by or Against Incompetents) with slight additions.”[10] Fed. R.Civ.P. 17 advisory committee’s note.
It is clear in this Circuit that Rule 17(c) authorizes and mandates that district courts appoint a guardian ad litem in the situation where the interests of the minor’s general representatives, the Gad-dis parents here, may conflict with the interests of the person, their minor child Courtlin here, who might otherwise be represented by such general representatives. Chrissy F. ex rel. Medley v. Miss. Dep’t of Pub. Welfare, 883 F.2d 25, 27 (5th Cir.1989); Adelman ex rel. Adelman v. Graves, 747 F.2d 986, 988 (5th Cir.1984) (“[T]he courts have consistently recognized that they have inherent power to appoint a guardian ad litem [or next friend] when it appears that the minor’s [or incompetent person’s] general representative has interests which may conflict with those of the person he is supposed to represent.”) (second and third alteration in original) (citation omitted). Judges may not “ignore, or overlook such a fundamental requirement for the protection of infants [or incompetent persons].” Adelman, 747 F.2d at 989 (alteration in original) (citing Roberts v. Ohio Cas. Ins. Co., 256 F.2d 35, 39 (5th Cir.1958)). The need to protect the minor’s or incompetent person’s rights and interests in federal court proceedings is extremely vital; this is why “[i]t is within the district court’s discretion to determine [the minor’s] need for [guardian ad litem ] representation, and who may best fill that need.” Adelman, 747 F.2d at 989. This is also why, “as a matter of proper procedure, the court should usually appoint a guardian ad litem.” Id. (citing Roberts, 256 F.2d at 39).
This power to appoint guardians ad litem pursuant to Rule 17(c) is important not only to ensure that the minor’s rights and interests are fully protected in cases where the minor is otherwise represented and there may be conflicts of interest, but also to ensure that the minor has proper *454 access to the federal judicial system at all. Chrissy F., 883 F.2d at 27 (noting that when making this Rule 17(c) guardian ad litem appointment determination, “the district court should consider that access to the courts by aggrieved persons should not be unduly limited”). Such fair access to the judicial system by minors and incompetent persons is enhanced if the district court exercises not only the power to appoint guardians ad litem, but also, as Rule 17(c) expressly directs, to “make such other order as it deems proper for the protection of the infant or incompetent person.” Fed.R.Civ.P. 17(c). This additional power is necessarily required so the district court can effectuate its appointment of a competent, independent guardian ad litem.
It is precisely due to such legitimate and practical reasons that district courts must also have the inherent authority and discretion to tax guardian ad litem fees as costs against nonprevailing parties. See Panitch v. State of Wisconsin, 451 F.Supp. 132, 136 (E.D.Wis.1978) (“Although Rule 17(c) is silent on the subject, we believe that an award for the reasonable value of services provided by the guardian ad litem may be taxed as costs against all of the defendants, jointly and severally.”). The Panitch court ordered the nonprevailing defendants to pay the minor plaintiffs guardian ad litem fees as costs under Rule 17(e) “as a necessary consequence of the court’s equitable responsibility to protect the interests of minor litigants who cannot protect themselves.” Id. (citation omitted). Although we acknowledge Rule 17(c) does not specifically state that district courts may tax guardian ad litem fees as costs, we find the Panitch court’s reasoning persuasive as to the district court’s inherent authority to tax guardian ad li-tem fees as costs under the express mandate of Rule 17(c).
Thus, a district court may tax guardian ad litem fees as costs per Rule 17(c) because we find Rule 17(c) to constitute the alternative express statutory authorization as required by Crawford Fitting. See, e.g., ICG Communications, Inc. v. Allegiance Telecom, 211 F.R.D. 610, 613 (N.D.Cal.2002) (noting each Federal Rule of Civil Procedure has the imprimatur of Congress such that Rule 26 constituted a law for purposes of 47 U.S.C. § 222). Likewise, the inherent powers and responsibility under Rule 17(c) to make such orders as the court deems proper also constitute the alternative express statutory authorization to tax guardian ad litem fees as costs to meet the requirements of § 2412(a)(1) and defeat any associated claim of sovereign immunity by the non-prevailing government in an FTCA case.[11]
*455 In the absence of any Supreme Court holding or instruction otherwise, we therefore exercise our authority as an en banc Court to hold that under Rule 17(c), the district courts have inherent authority and discretion to determine:
(a) Whether a guardian ad litem needs to be appointed to protect the interests of the minor or incompetent person, and if so, who will be appointed to best serve in that capacity;
(b) Whether the guardian ad litem will be compensated for his services; and if so, the basis upon which the value of such services shall be determined, so long as the guardian ad litem is acting in his guardian ad litem capacity and not in any attorney ad litem capacity; and
(c) Whether the compensation payable to the guardian ad litem will be treated (1) as a court cost to be taxable against the nonprevailing party or (2) as an expense to be payable out of any funds recovered by or payable to the minor or incompetent person on whose behalf the guardian ad litem was appointed.

Section 1920(6) grants district courts the statutory authority to tax guardian ad litem fees as costs against the nonprevail-ing government in an FTCA case.

Alternatively, were Rule 17(e) not construed by the Supreme Court to constitute the alternative express statutory authority as required by Crawford Fitting to provide district courts with the inherent power and discretion to tax guardian ad litem fees as costs, this Court concludes that subsection (6) of § 1920 providing for “[c]ompensation of court appointed experts” can reasonably be read to include fees for services rendered by a guardian ad litem appointed by a court pursuant to Rule 17(c).
We have clearly stated that Crawford Fitting “limits judicial discretion with regard to the kind of expenses that may be recovered as costs; it does not, however, prevent courts from interpreting the meaning of the phrases used in § 1920.” West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co., 834 F.2d 1232, 1238 (5th Cir.1988); see also Cengr v. Fu-sibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir.1998) (“Under Crawford [Fitting ], courts are allowed to interpret the meaning of the phrases used in § 1920.”); Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir.1990) (finding the court’s interpretation of § 1920(1) “supported by recent decisions from the Fifth and the Seventh Circuits that have held that courts are free to interpret what constitutes taxable costs after Crawford [Fitting]”); SK Hand Tool Corp. v. Dresser Indus., Inc., 852 F.2d 936, 944 (7th Cir.1988) (agreeing with the Fifth Circuit and describing the court’s authority to interpret the meaning of the phrases in § 1920, despite Crawford Fitting).
In West Wind, we determined that even though § 1920 does not explicitly enumerate depositions in its list of costs, courts have properly interpreted § 1920(2) providing for “fees of the court reporter” and § 1920(4) providing for “fees for exemplification and copies of papers necessarily obtained for use in the case” as statutorily authorizing the taxation of the costs of original deposition transcripts and copies. 834 F.2d at 1238; United States v. Kole- *456 sar, 313 F.2d 835, 838-39 (5th Cir.1963) (holding the cost of a deposition copy taxable against the government in an FTCA case as a matter of statutory construction under § 1920(2)); see also Cengr, 135 F.3d at 454 (finding deposition transcript expenses to be taxable costs as a matter of statutory construction under § 1920(2) as stenographic transcripts, and photocopying expenses authorized under § 1920(4) as exemplification fees); Alflex Corp., 914 F.2d at 177 (“The cost of deposition copies is ‘encompassed’ by section 1920(2), and is therefore properly taxed under the Crawford, [Fitting] holding[ ].”); Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg, 862 F.2d 767, 770 (9th Cir.1988) (interpreting § 1920 and finding the costs of photographic materials used at trial encompassed by § 1920(4)’s allowance for “[f]ees for exemplification and copies of papers necessarily obtained for use in the case”); S.K Hand, 852 F.2d at 944 (finding deposition transcript expenses to be costs encompassed by § 1920(2)); Federal
Procedure, Lawyer’s Edition § 26:54 (2003) (“Even though 28 U.S.C.A. § 1920 does not specifically mention depositions, the Supreme Court’s Crawford Fitting decision does not preclude courts from finding that deposition transcripts are authorized by § 1920, as the Supreme Court did not prevent courts from interpreting the meaning of the phrases used in § 1920.”) (footnote omitted). Also, section 1920(l)’s phrase “[flees of the clerk and marshal” has been interpreted by the Ninth Circuit to include private process servers’ fees as taxable costs because the service of summonses and subpoenas is now done almost exclusively by private parties employed for that purpose, not the U.S. Marshal, even though there is no express provision authorizing the payment of private process servers in § 1920. Alflex Corp., 914 F.2d at 178.
Similarly, even though § 1920 does not specifically mention guardian ad litem fees in its list of costs, a guardian ad litem appointed by a court pursuant to Rule 17(c) can be reasonably interpreted as a court appointed expert under § 1920(6).[12] The guardian ad litem is an officer of the court with “full responsibility to assist the court to secure a just, speedy, and inexpensive determination of the action.” Noe v. True, 507 F.2d 9, 12 (6th Cir.1974) (internal quotations and citation omitted). The guardian ad litem’s special duty is to submit to the court for its consideration and decision every question involving the statutory and constitutional rights of the minor that may be affected by the action. See Chrissy F., 883 F.2d at 27 (noting how the appointment of guardians ad litem alleviate the risk of the minor party becoming “a pawn to be manipulated on a chess board larger than his own case”) (citation omitted). Guardians ad litem thus perform independent functions that are integral and essential to the judicial process. See Cok v. Cosentino, 876 F.2d 1, 3 (1st Cir.1989) (finding guardians ad litem are entitled to quasi-judicial immunity because of same).
Therefore, guardians ad litem appointed by the court reasonably serve as experts in the sense that they liaise with the court and are charged with the important duty of providing their insight as to how the judicial process is or is not comporting with the best interests of the minor or incompetent person involved. While there *457 is some indication in the legislative history that court appointed expert as used in § 1920(6) refers to a court appointed expert as appointed pursuant to Federal Rule of Evidence 706,[13] the plain statutory language of § 1920(6) does hot so narrowly limit the interpretation of court appointed expert. This en banc Court is thus not constrained to so narrowly interpret the category of court appointed expert. Therefore, we find that the court appointment of a guardian ad litem pursuant to Rule 17(c) clearly falls within the reasonable scope of § 1920(6)’s authorization for courts to tax the costs of “court appointed experts.”[14] This finding also defeats any claim of sovereign immunity by the government because § 2412(a)(1) expressly provides that § 1920 costs are taxable against the nonprevailing government.[15] This Circuit’s post-Crawford Fitting precedent provides for the taxation of guardian ad litem fees as costs against the government in an FTCA case.
Alternatively, were guardian ad litem fees not construed by the Supreme Court to be reasonably included in § 1920’s list of taxable costs, this Court concludes that our post-Crawford Fitting precedent[16] dictates the continued propriety of district courts to tax guardian ad litem fees as costs against nonprevailing parties, including the government in an FTCA case. While we recognize the underlying treatment the Supreme Court gave to the interplay between Rule 54(d) *458 and § 1920 in Crawford Fitting, we are reluctant to and thus do not apply any such proscription here to the taxation of guardian ad litem fees as costs against the government in an FTCA case where the plaintiffs prevailed. We decline to read Crawford Fitting as restricting us in this case for the following reasons:
(a) No court in this Circuit ever has read Crawford Fitting to disallow the taxation of guardian ad litem fees against nonprevailing parties, including the government in FTCA eases;
(b) In addition to the precedents in this Circuit, each other circuit that has spoken on whether guardian ad li-tem fees can be taxed as court costs, either before or after Crawford Fitting — including the Fourth, Eighth, Tenth, and D.C. Circuits — has agreed that they can[17];
(c) Several district courts, including those in the Seventh and Eleventh Circuits, have also agreed that guardian ad litem fees can be taxed as costs[18];
(d) Neither the term “guardian ad li-tem” nor the phrase “guardian ad litem fees” appears anywhere in the Supreme Court’s decision in Crawford Fitting, nor in any brief submitted to the Supreme Court in Crawford Fitting, nor in the opinions of either of the two cases from the Fifth Circuit considered by the Supreme Court in Crawford Fitting;
(e) We have found no Supreme Court ■ opinion that addresses in any way the propriety of charging guardian ad litem fees as costs to be paid by the nonprevailing party in any proceeding in federal court;
(f) Finally, the practice of assessing guardian ad litem fees as costs against a nonprevailing party is clearly recognized by state courts applying their respective state statutes *459 and rules governing the appointment and payment of guardians ad litem.[19]
For these reasons we conclude that the Supreme Court did not have the subject of guardian ad litem fees before it in rendering its opinion in Crawford Fitting ; and because of the wide and deep precedents in this Circuit and other federal courts, we are not obligated to extend the language of Crawford Fitting to overrule a practice that has been widely accepted as fair and proper in the absence of express language from the Supreme Court requiring that change.
Overall, we thus hold that district courts retain the discretion to award guardian ad litem fees as court costs and assess them against nonprevailing parties, including the government in an FTCA case.[20]

Whether the district court here appropriately assessed the award of guardian ad litem fees.

District courts have broad discretion in determining the appropriateness of an award of costs. Dickerson, 280 F.3d at 478 (citing Gibbs, 210 F.3d at 500). We review a district court’s award or denial of costs, including guardian ad litem fees, for an abuse of discretion. Dickerson, 280 F.3d at 478 (citations omitted). “[W]here the same person acts in the capacities as both a minor’s guardian ad litem and as his attorney ad litem, only the person’s expenses in the former role are taxable as costs under Fed.R.Civ.P. 54(d).” Id. (quoting Gibbs, 210 F.3d at 506).
Here, the district court underwent a thorough expense-by-expense determination as to which of Mr. Bean’s fees were in the nature of legal services. The court found that certain of Mr. Bean’s case law and statutory research and the drafting of his motion for fees were not properly chargeable and disallowed them as costs. We conclude the district court did not abuse its broad discretion to determine the appropriate amount of costs to be awarded to Mr. Bean.
CONCLUSION
Having carefully reviewed the record of this case and the parties’ respective briefing and arguments, for the reasons set forth above, we AFFIRM the decision of the district court to award the court appointed guardian ad litem his fees as a court cost chargeable against the nonpre-vailing government in this FTCA case. We also AFFIRM the amount of guardian ad litem fees awarded.
AFFIRMED.

. Mr. and Mrs. Gaddis, who also sued the United States for loss of consortium with Courtlin, feared that an unexpected conflict of interest with Courtlin might occur during the litigation.

. Rule 17(c), Infants or Incompetent Persons, provides:
Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.
Fed.R.Civ.P. 17(c).

. Rule 54(d), Costs; Attorneys’ Fees, provides in part:
(1)Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day’s notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.
Fed.R.Civ.P. 54(d)(1).

. Section 2412(a)(1), under Costs and fees, provides:
Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
28 U.S.C.A. § 2412(a)(1) (West 2004). The government further contends that because the Federal Tort Claims Act ("FTCA”), 28 U.S.C. § 1346(b), §§ 2671-2680, does not include a provision regarding costs, § 2412(a)(1) is the applicable provision governing costs to be taxed against the nonprevailing government in an FTCA case.

.Section 1920, Taxation of costs, provides:
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.
28 U.S.C.A. § 1920 (West 2004).

. Dickerson v. United States, 280 F.3d 470 (5th Cir.2002); Lebron v. United States, 279 F.3d 321 (5th Cir.2002); and Gibbs v. Gibbs, 210 F.3d 491 (5th Cir.2000), all relied on and affirmed duPont v. Southern National Bank, 771 F.2d 874 (5th Cir.1985), a case decided before Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), where this Court held that the expenses of a guardian ad litem appointed by the court were properly taxable as costs pursuant to Rule 54(d). duPont, 771 F.2d at 882. That is, such costs were allowed where the guardian ad litem was serving in his role as an officer of the court versus serving any attorney ad litem function. Id.

. Section 1821, Per diem and mileage generally; subsistence, provides in part:
(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
(2) As used in this section, the term "court of the United States" includes, in addition to the courts listed in section 451 of this title, any court created by Act of Congress in a territory which is invested with any jurisdiction of a district court of the United States.
(b) A witness shall be paid an attendance fee of $40 per day for each day’s attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
28 U.S.C.A. § 1821(a)-(b) (West 2004). The subsection (b) in effect at the time of Crawford Fitting provided for a $30 per diem cap; it was increased to $40 by amendment in 1990. Id. note.

. See United States ex rel. Wallace v. Flintco Inc., 143 F.3d 955, 972 (5th Cir.1998) (applying Crawford Fitting and setting aside cross-awards of expert witness fees in excess of those provided for by § 1821); Pedraza v. Jones, 71 F.3d 194, 196 n. 3 (5th Cir.1995) (noting how cases that allowed expert witness fees in excess of the amount specified by § 1821 were overruled by Crawford Fitting)-, Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir.1993) (citing Crawford Fitting to affirm the district court's decision not to award expert and witness fees).

. The Supreme Court has briefly mentioned guardians ad litem in the context of interpreting one federal statute, solely by analogy, in Rowland v. California Men's Colony, Unit II Men’s Advisory Council, 506 U.S. 194, 211- *453 12, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993), a case that considered whether an agency or organization could proceed as a civil party in forma pauperis, where the Court held that only natural persons, not artificial entities, could proceed in forma pauperis as civil litigants per 28 U.S.C. § 1915. The Court recited in a footnote:
On occasion, when a party is a minor or incompetent, or fails to cooperate with appointed counsel, or is for some other reason unable to file a timely affidavit, we will accept an affidavit from a guardian ad litem or an attorney. By accepting such an affidavit, we bend the requirement that the affiant state that "he” is indigent and that “he” believes "he” is entitled to relief. In such a case, however, it is clear that the party himself is a "person” within the meaning of § 1915. The only question is whether Congress intended to deny § 1915 benefits to such a person who for some reason peculiar to him is disabled from filing an affidavit. It is quite a different question whether Congress intended to extend § 1915 to entities that, by their nature, could never meet the statute's requirements.
Id. at 205 n. 6, 113 S.Ct. 716. This language in no way addresses the appropriate circumstances for a court to appoint guardians ad litem per Rule 17(c) nor how such guardians ad litem are to be paid.

. Equity Rule 70, Suits by or Against Incompetents, as it appeared in the eighth edition of the New Federal Equity Rules, provided:
Guardians ad litem to defend a suit may be appointed by the court, or by any judge thereof, for infants or other persons who are under guardianship, or otherwise incapable of suing for themselves. All infants and other persons so incapable may sue by their guardians, if any, or by their prochein ami; subject, however, to such orders as the court or judge may direct for the protection of infants and other persons.
Fed. Equity R. 70 (8th ed.1933).

. The FTCA expressly states that: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.” 28 U.S.C. § 2674 (emphasis added); see also id. § 1346(b)(1) (describing exclusive jurisdiction of district courts for civil actions brought against the United States as defendant “for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant....”).
The Supreme Court discussed the broad nature and extent of the government’s waiver of sovereign immunity under the FTCA in United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951). There, the Court stated that "the [FTCA] waives the Government's immunity from suit in sweeping language” and "unquestionably." Id. at 547, 71 S.Ct. 399 (emphasis added). Moreover, the Court noted that because the Federal Rules of Civil Procedure apply to "all civil actions,” the former language of the FTCA which referred specifically to the application *455 of the Rules was omitted as unnecessary. Id. at 553 n. 9, 71 S.Ct. 399. Thus, there is no question that FTCA actions are properly subject to the Rules. See Simon v. United States, 891 F.2d 1154, 1156 (5th Cir.1990); United States v. Acord, 209 F.2d 709, 711 (10th Cir.1954).

. We note that at least one district court, after Crawford Fitting was decided, has found the fees and expenses of a guardian ad litem taxable as costs specifically under § 1920 together with Rule 54(d), although the court declined to name under which provision of § 1920 guardian ad litem fees were included. Allstate Ins. Co., Inc. v. Jones, 763 F.Supp. 1101, 1102 (M.D.Ala.1991).

. See H.R. Rep. 95-1687, at 12 (1978), reprinted in 1978 U.S.C.C.A.N. 4652, 4664. Prior to the 1978 amendment of 28 U.S.C. § 1920, which added the entirety of subsection (6), there was no specific subsection that dealt with either interpreters or court appointed experts. The 1978 amendment was passed as part of the Court Interpreters Act, so the language about Federal Rule of Evidence 706 governing what a "court appointed expert” is, while located in the legislative history, seems to be an afterthought, especially considering that the crux of the House report is directed toward the need for and process of appointing and budgeting for court language interpreters, not other court appointed experts. The report also indicates that the original impetus for the Court Interpreters Act was the Sixth Circuit’s decision in United States ex rel. Negron v. New York, 434 F.2d 386, 390-91 (6th Cir.1970), which held that the Sixth Amendment requires that non-English-speaking criminal defendants be informed of their right to simultaneous interpretation of proceedings at the government's expense. H.R. Rep. 95-1687, at 3 (1978), reprinted in 1978 U.S.C.C.A.N. 4652, 4653-54. There is no such historic basis given for why costs of court appointed experts should be allowed, only the abrupt one-sentence reference to Rule 706’s application.

. Even West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), which restated the holding of Crawford Fitting, seems to condone the practice of courts interpreting the language of the categories of expenses listed in § 1920. Id. at 87, 111 S.Ct. 1138 (noting how no subsection of § 1920 could be “reasonably read to include fees for services rendered by an expert employed by a party in a nontesti-monial, advisory capacity”) (emphasis added).

. We again note the sweeping and unquestionable waiver of sovereign immunity by the government under the FTCA. Yellow Cab, 340 U.S. at 547, 71 S.Ct. 399. We also note that the Court quoted from the text of the statutory provision which ultimately became the FTCA: "Costs shall be allowed in all courts to the successful claimant to the same extent as if the United States were a private litigant, except that such costs shall not include attorneys’ fees.” Id. at 547 n. 4, 71 S.Ct. 399. Although this language was removed when that provision was reenacted as the present FTCA in 1948, the Court made clear that ”[w]e rely on the meaning of the language in the original Act and read the revised language as carrying it out.” Id. Thus, we properly construe the plain meaning of "court appointed expert” in § 1920(6) as an enumerated cost with the government's broad waiver of sovereign immunity in mind.

. Dickerson, 280 F.3d at 478; Lebron, 279 F.3d at 332; Gibbs, 210 F.3d at 506-08.

. Hull v. United States, 53 F.3d 1125, 1128-29 (10th Cir.1995) (upholding taxation of guardian ad litem fees as costs against non-prevailing government in an FTCA case under Rule 54(d)) (post-Crawford Fitting)', Kollsman v. Cohen, 996 F.2d 702, 706 (4th Cir.1993) (remanding for the district court to determine which costs were attributable to role of guardian ad litem versus attorney ad litem and to charge them against nonprevail-ing party pursuant to court’s authority under Rule 54(d)) (post-Crawford Fitting); Schneider v. Lockheed Aircraft Corp., 658 F.2d 835, 854 (D.C.Cir.1981) (holding the district court properly allowed guardian ad litem fees to be taxed as costs) (pre-Crawford Fitting), abrogated on other grounds, Duggan v. Keto, 554 A.2d 1126, 1139-40 (D.C.1989); Franz v. Buder, 38 F.2d 605, 606 (8th Cir.1930) (allowing taxation of guardian ad litem fees as costs pursuant to Federal Equity Rule 70) (pre-Crawford Fitting).

. Calva-Cerqueira v. United States, 281 F.Supp.2d 279, 301 (D.D.C.2003) (allowing taxation of guardian ad litem expenses as costs against the nonprevailing government in an FTCA action pursuant to Rule 54(d)) (post-Crawford Fitting)-, Jones, 763 F.Supp. at 1102 (allowing prevailing party to recover fees and expenses of guardian ad litem as taxable costs pursuant to § 1920 and Rule 54(d)) (post-Crawford Fitting)-, United States v. 1,197.29 Acres of Land, More or Less, Situate in Butler County, State of Kan., 759 F.Supp. 728, 735 (D.Kan.1991) ("The court appointed guardian ad litem is entitled to a reasonable fee for his services in this action, to be set by the court and taxed as costs.”) (post-Crawford Fitting)-, United States v. Certain Lots in City of Virginia Beach, Va. Known as Lots Eighteen (18) and Nineteen (19), in Block Three (3), 657 F.Supp. 1062, 1066 (E.D.Va.1987) (taxing guardian ad litem fees as court costs against nonprevailing United States) (pre-Crawford Fitting); Panitch v. State of Wisconsin, 451 F.Supp. 132, 136 (E.D.Wis.1978) (taxing guardian ad litem fees as costs against all nonprevailing parties pursuant to Rule 17(c), though the Rule is "silent on the subject”) (pre-Crawford Fitting ).

. See, e.g., Ala. R. Civ. P. 17(d) (West 2003); 755 Ill. Comp. Stat. Ann. 5/27-4 (West 2004); Mich. Comp. Laws Ann. § 600.2045 (West 2004); N.C. Gen.Stat. § 1A-1 (b)(2) (2004) (codifying N.C. R. Civ. P. 17); Tex.R. Civ. P. 173 (Vernon 2003); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1570, at 506 (2d ed.1990)(noting how the law of several states provides for the taxation of guardian ad litem fees as costs).

. This Court notes that district courts sitting in diversity can look to the applicable state statutes governing the appointment and payment of guardians ad litem, instead of Rules 17(c) and 54(d), and § 1920. See, e.g., Kolls-man, 996 F.2d at 705 n. 2 (correcting district court’s application of the Virginia guardian ad litem statutes and applying Rules 17(c) and 54(d) instead where district court had erred in finding diversity jurisdiction); duPont, 771 F.2d at 882 n. 6 (noting that applicable Texas law regarding taxation of guardian ad litem fees as costs could apply in diversity case); Mulholland v. Schneider Serv. Co., Inc., 661 F.2d 708, 712 (8th Cir.1981) (applying Missouri statute regarding costs of defendant guardian ad litem in diversity case). But see Miron v. APCO Corp., 289 F.Supp. 915, 916 (E.D.Wis.1968) (applying Rule 54(d) discretion to not award guardian ad litem fees in a diversity case instead of the Wisconsin statute that would have required such award).