HIGGINSON, Circuit Judge: *
This civil restitution case brought by the United States comes to us on interlocutory appeal or, alternatively, on petition for mandamus. In a previous action, Defendant Joyce Simmons was convicted of preparation of false tax returns and, as part of her sentence, was ordered to pay over $28 million in criminal restitution to the Internal Revenue Service. The government brought the underlying action to enforce that judgment and to void allegedly fraudulent transfers of property that threatened to interfere with its right to recovery. The complaint names five defendants: Joyce Simmons; Joyce’s brother, Eugene Simmons; Joyce’s daughter, D.M. (a minor); Kerry Lynn James, as natural parent of D.M.; and Wells Fargo Bank, which had its own lien on one of the properties at issue.
D.M. is currently unrepresented in this matter. James, as next friend of D.M., appeared pro se and filed an answer on behalf of D.M. After holding a hearing at which the district court questioned James, the court conclüded “that James would not provide sufficient legal representation to D.M. ... as her next friend or in any other capacity.” The court further concluded “that for D.M. to be afforded adequate legal representation in this action, the court would be required to appoint an attorney as a guardian ad litem to represent her in defense of the claims being made against her.” The court noted its disinclination to appoint a guardian ad li-tem for D.M. absent an assurance that the guardian ad litem would be appropriately compensated. The court stated that it “would expect [the government] to commit to make payment of such ... fees and expenses.”[1] Thus, on September 4, 2013, the court issued a stay, which was to remain in effect “until such time as the court has received satisfactory assurance from [the government] that a guardian ad litem appointed by the court ... would be adequately compensated.” The court cited a civil forfeiture case in which a similar situation arose and in which the government agreed to pay for a guardian ad litem.
The government then moved to lift the stay and to appoint pro bono counsel for D.M. The government explained that it did not have the statutory authority to pay for a guardian ad litem in this circumstance, distinguishing the forfeiture case cited by the district court. It also proposed several alternative solutions for funding the guardian ad litem — appointment of an attorney from the Northern District of Texas’s Pro Bono Civil Panel, appointment of a pro bono attorney from the Family Court Services of Tarrant County, and the use of Criminal Justice Act (“CJA”) funds to compensate an appointed attorney. In an order denying the government’s motion, the district court determined that it was *369 required to appoint a guardian ad litem for D.M. pursuant to Federal Rule of Civil Procedure 17(c), rejected the government’s suggested solutions, and rejected the notion that the government would be unable to pay for a guardian ad litem’s fees. The district court therefore refused to lift the stay.
We must first address whether we have jurisdiction to hear this appeal. The government primarily contends that we have jurisdiction pursuant to the collateral order doctrine. However, a prerequisite to jurisdiction under that doctrine is that the district court’s order “ ‘conclusively determine the disputed question.’ ” Henry v. Lake Charles Am. Press, L.L.C., 566 F.3d 164, 171 (5th Cir.2009) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). It is not true, as the government asserts, that “[t]he district court’s order conclusively determines that the government must fund” the guardian ad litem. Rather, the district court only required that the government provide “satisfactory assurance” that the guardian ad litem would be adequately compensated. Thus, the district court did not “conclusively determine” who would pay.
The government’s alternative argument that a writ of mandamus is warranted has more merit. “A writ of mandamus may issue only if (1) the petitioner has no other adequate means to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is clear and indisputable; and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is appropriate under the circumstances.” In re Dean, 527 F.3d 391, 394 (5th Cir.2008) (internal quotation marks and citation omitted). “These hurdles, however demanding, are not insuperable.” Cheney v. U.S. Dist. Court, 542 U.S. 367, 381, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). We have held that “[mjanda-mus is appropriate to correct the grant of a stay which amounts to a clear abuse of discretion.” S. Pac. Transp. Co. v. San Antonio, 748 F.2d 266, 270 (5th Cir.1984). Indeed, although “mandamus is an extraordinary remedy, not to be granted lightly,” it may be appropriate where “petitioners challenge ... a stay, potentially of lengthy duration, [because] there is no interruption with ongoing proceedings below.” In re Ramu Corp., 903 F.2d 312, 317-18 (5th Cir.1990).
Assuming, without deciding, that we have authority to issue a writ of mandamus, we nonetheless decline at this time to exercise our discretion to do so. See In re Dean, 527 F.3d at 394. We are confident that the district, court will take the necessary steps to move this case forward. D.M. is unrepresented; thus, under Rule 17(c)(2), the district court must appoint a guardian ad litem or “issue another appropriate order” to protect her interests. Fed.R.Civ.P. 17(c)(2). Our decision in Gaddis outlines the discretion of the district court to decide whether a guardian ad litem is necessary and, if so, to appoint an appropriate guardian ad litem. Gaddis v. United States, 381 F.3d 444, 454-55 (5th Cir.2004) (en banc). As to methods of compensation, we announced only the following:
[U]nder Rule 17(c), the district courts have inherent authority and discretion to determine ... [w]hether the compensation payable to the guardian ad litem will be treated (1) as a court cost to be taxable against the nonprevailing party or (2) as an expense to be payable out of any funds recovered by or payable to the minor or incompetent person on whose behalf the guardian ad litem was appointed.
Id. at 455.
In light of this absence of controlling authority or guidance for interim pay *370 ments,[2] the district court ánd the government may profitably explore various options. Any guardian ad litem whom the district court appoints might serve pro bono pending the outcome of the litigation, at which time the guardian ad litem’s fees may be taxed against the nonprevailing party under Federal Rule of Civil Procedure 54(d). See Gaddis, 381 F.3d at 459. The guardian ad litem can advise D.M. and the district court about the need for D.M. to have separate counsel, and could retain counsel for D.M. and arrange for payment from the proceeds of the property, or locate pro bono counsel, or assist in finding another solution. See Gibbs v. Gibbs, 210 F.3d 491, 506 (5th Cir.2000) (“The guardian ad litem is frequently not an attorney and if legal services are required, he must seek and employ counsel.” (internal quotation marks and citations omitted)). Alternatively, D.M.’s representative may function both as a guardian ad litem and as an attorney ad litem, though only his fees for work as a guardian ad litem will be taxable as costs under Rule 54(d). See Gaddis, 381 F.3d at 459 (“[W]here' the same person acts in the capacities as both a minor’s guardian ad litem and as his attorney ad litem, only the person’s expenses in the former role are taxable as costs under Fed.R.Civ.P. 54(d).” (internal quotation marks and citations omitted)).
We therefore DENY the petition for writ of mandamus without prejudice to the government’s right to file another petition should the current impasse fail to be resolved, either leading to an indefinite stay or, oppositely, leading to a payment order which the government demonstrates exceeds the court’s authority. Any future petitions for writ of mandamus will be directed to this panel.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. The district court noted, however, that "[s]uch a commitment ... would not prevent [the government] from seeking an order requiring a defendant other than D.M. to reimburse [the government] for all or some part of whatever payment it might make for [such] fees and expenses.”

. The dissent faults us and the district court for failing to identify caselaw on payment for guardians ad litem, but to grant mandamus, even if a payment order were before us, the burden is on petitioner to show clear and indisputable error. See In re Dean, 527 F.3d at 394; see generally Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (mandamus, as “one of the most potent weapons in the judicial arsenal,” must be "reserved for really extraordinary causes ... amounting to a judicial usurpation of power or a clear abuse of discretion;" burden is on petitioners to show "clear and indisputable" entitlement) (internal quotation marks and citations omitted).