**BRUMLEY ESTATE, et al.,**
**Plaintiffs-Appellees,**

v.

**IOWA BEEF PROCESSORS, INC.,**
**Defendant-Appellant.**

No. 82–1095.

United States Court of Appeals, Fifth Circuit.

May 19, 1983.

Freeman, Rothe, Freeman & Salzman, James T. Malysiak, Edward W. Rothe, Chicago, Ill., for defendant-appellant.

Johnson, Swanson & Barbee, Mike McKool, Jr., Charles W. Cunningham, Dallas, Tex., McMahon, Smart, Wilson, Surovik & Suttle, Stephen H. Suttle, Abilene, Tex., for Brumley et al.

Before WISDOM, RUBIN, and TATE, Circuit Judges.

TATE, Circuit Judge:

This appeal was consolidated for argument and determination with another appeal arising out of the same litigation, in which the plaintiffs had appealed from adverse judgment after jury trial. *Brumley Estate v. Iowa Beef Processors, Inc.,* 704 F.2d 1351 (5th Cir.1983). In the latter appeal, we have affirmed the dismissal of the plaintiffs' suit.

After the take-nothing judgment was entered in this main litigation, the defendant ("Iowa Beef") filed a bill of costs, to some items of which the plaintiffs objected. The plaintiffs' objections were not ruled upon by the district court until after the plaintiffs had filed their notice of appeal from the adverse judgment on the merits, considered by us in the consolidated appeal cited above. Although in the present proceedings the district court did allow some twelve thousand dollars of costs, it disallowed (a) the costs of daily transcript ($6,657.50) and (b) the costs of securing a copy of a deposition ($135) in a separate action involving one of the plaintiffs but in which Iowa Beef was not involved. The district court reasoned that "the call for daily transcriptions was of convenience to the attorneys for the defendant and was not required by use of the court."

Iowa Beef appeals the disallowance of these costs. It argues that, in exercising its discretion to disallow the costs, the district court used an incorrect standard, pointing out that under 28 U.S.C. § 1920(4) the trial court "*may* award" the costs of "copies of papers *necessarily obtained* for use in the case."

Fed.R.Civ.P. 54(d) provides that "costs shall be allowed the prevailing party *unless the court otherwise directs.*" "[W]hile an award of costs to a prevailing party is usual, the inclusion of various items within that award is within the discretion of the trial judge." *Hodge v. Seiler,* 558 F.2d 284, 287 (5th Cir.1977). While perhaps inartfully drafted, the clear import of the district court's reasoning, in exercising its discretion to disallow the costs in question, was that the daily transcript and the extraneous non-used deposition had been obtained primarily for the convenience of the defendants and were not necessary for use in the trial of the case—*i.e.,* were not "necessarily obtained for use in the case", 28 U.S.C. § 1920(4).

This court has under similar facts rejected the assessment of costs for daily transcripts. *In re Nissan Antitrust Litigation,* 577 F.2d 910, 918 (5th Cir.1978), *cert. denied, sub nom., P.D.Q., Inc. of Miami v. Nissan Motor Corporation in U.S.A.,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). We also there noted "our review [is] very narrow" of the district court's exercise of cost-discretion, 577 F.2d at 918, and that "[o]nly when a clear abuse of discretion is shown can an award of costs be overturned", *Id.* In disallowing daily transcript costs, we there found that the "additional expense [of daily transcripts] was [there] for the convenience of the defendants" and not necessary for use in the trial. *Id.* We have also noted that "a district court has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorney", and that re-

versal on "an issue requiring vacation of costs will require an abuse of discretion." *Newman v. A.E. Staley Manufacturing Company,* 648 F.2d 330, 336 (5th Cir.1981).

We are unable to find that the district court abused its discretion in disallowing the daily transcript and extraneous-deposition costs in the present case as non-taxable, upon its determination that the costs had been incurred merely for the convenience of the defendant, Iowa Beef. Accordingly, we AFFIRM its judgment disallowing such costs.

AFFIRMED.