**MAURICE MITCHELL INNOVATIONS, L.P.,**
Plaintiff

v.

**INTEL CORPORATION, Defendant.**

No. 2:04–CV–450.

United States District Court,
E.D. Texas,
Marshall Division.

June 20, 2007.

Franklin Jones Jr. of Jones & Jones, Marshall, TX, Richard L. Schwartz of Whitaker Chalk Swindle & Sawyer, Fort Worth, TX, Andrew W. Spangler, Elizabeth L. DeRieux, and Sidney C. Capshaw III of Brown McCarroll, Longview, TX, Daniel Rapaport of Wendel Rosen Black & Dean, Oakland, CA, Manny D. Pokotilow of Caesar Rivise Berstein Cohen & Pokotilow, Otis W. Carroll Jr. of Ireland Carroll & Kelly, Tyler, TX, Thomas J. Ward Jr. of Ward & Smith Law Firm, Longview, TX, for Plaintiff.

Eric H. Findlay of Ramey & Flock, Tyler, TX, Allen F. Gardner, John F. Bufe, and Michael E. Jones of Potter Minton PC, Tyler, TX, Christa M. Anderson, Clement S. Roberts, Robert A. Van Nest, and Ryan M. Kent of Keker & Van Nest, San Francisco, CA, for Defendant.

## ORDER

DAVIS, District Judge.

Before the Court is Defendant Intel Corporation's ("Intel") Request to Enter Bill of Costs (Docket No. 222) and Plaintiff Maurice Mitchell Innovations, L.P.'s ("Mitchell") Motion to Reduce Award of Costs (Docket No. 226). For the foregoing reasons, the Court **GRANTS** the motions in part and **DENIES** the motions in part.

## BACKGROUND

On November 22, 2006, the Court granted Intel's motion for summary judgment of invalidity (Docket No. 216). The Court entered a final judgment in the case on December 11, 2006 (Docket No. 229) and awarded Intel costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Mitchell filed a notice of appeal to the Federal Circuit on December 12, 2006 (Docket No. 221). On December 22, 2006, Intel submitted a bill of costs to the clerk seeking

recovery of costs under 28 U.S.C. § 1920 totaling $258,463.19 [1] (Docket No. 222). Mitchell filed this motion to reduce the award and raises several objections. Now, this matter comes before the Court for determination of a multitude of accounting issues that the parties should have been able to resolve between themselves in light of the applicable law.

## APPLICABLE LAW

■ Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as matter of course, unless the Court directs otherwise. However, the provisions of 28 U.S.C. § 1920 limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law.

The statute permits the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under Section 1923 . . . ; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 . . . .

28 U.S.C. § 1920. A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute. *Crawford,* 482 U.S. at 441–42, 107 S.Ct. 2494.

## Fees of the Clerk and Marshal

■ Private process server fees are not recoverable fees of the clerk and marshal under § 1920. *Cypress–Fairbanks Indep. School Dist. v. Michael F.,* 118 F.3d 245, 257 (5th Cir.1997) ("As there was nothing exceptional about the parties or the nature of this case, the district court should have denied these unnecessary private service costs.").

## Fees of the court reporter

■ 28 U.S.C. § 1920(2) authorizes recovery for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The trial court has great discretion to tax the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case." *Fogleman v. ARAMCO,* 920 F.2d 278, 285 (5th Cir.1991); *Nissho–Iwai Co. v. Occidental Crude Sales,* 729 F.2d 1530, 1553 (5th Cir.1984). Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. *Fogleman,* 920 F.2d at 285–86 (citations omitted). The district court is accorded great latitude in this determination. *Id.* at 286.

■ Costs should not be disallowed merely because the deposition was not ulti-

---

1. This reflects the adjustment in Mitchell's favor Intel proposed in its sur-reply (Docket No. 229).

mately used at trial or in connection with a dispositive motion. The costs of a deposition are allowed "if the taking of the deposition is shown to have been reasonably necessary in the light of the facts known to counsel at the time it was taken." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir.1982), *modified on other grounds en banc*, 701 F.2d 542 (5th Cir.1983), *overruled on other grounds in Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir.1986); *see also Stearns Airport Equip. Co., v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).

■ Under Fifth Circuit precedent since § 1920 makes no provision for videotapes of depositions, recovery of such without prior authorization from the court is not allowed. *See Gaddis v. United States.*, 381 F.3d 444, 476 (5th Cir.2004) (citing *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 529–30 (5th Cir.2001)).

■ In addition, incidental costs associated with depositions, such as the cost of expedited delivery charges, ASCII disks, and parking, are generally not recoverable. *See Harris Corp. v. Sanyo No. Am. Corp.*, 2002 WL 356755, at *3 (N.D.Tex. March 4, 2002); *Canion v. United States*, No. EP-03–CA–0347–FM, 2005 WL 2216881 at *3 (W.D.Tex.2005).

**Fees for exemplification and copies of papers necessarily obtained for use in the case**

■ Costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity. 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994). The party seeking costs need not "identify every xerox copy made for use in the course of legal proceedings." *Fogleman*, 920 F.2d at 286. However, it must demonstrate

some connection between the costs incurred and the litigation. *Id.* Charges for multiple copies of documents, attorney correspondence, and other such items are not recoverable. *Id.*

**Miscellaneous fees**

■ Miscellaneous expenses such as postage, facsimiles, electronic legal research, and travel expenses are not recoverable under § 1920. *See Home Depot U.S.A. v. Fed. Ins. Co.*, No. 4:02–CV95, 2003 WL 470545, *2, 2003 U.S. Dist. LEXIS 5492, at *5 (E.D.Tex.2003) (Davis, J.); *see also Compton v. Taylor*, No. H–05–4116, 2006 WL 1789045, *3, 2006 U.S. Dist. LEXIS 43402 at *8 (S.D.Tex.2006). Likewise, reimbursement for attorney travel and meals is not allowed. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 892 (5th Cir. 1993). In addition, the Fifth Circuit has expressly held that mediation fees are not recoverable. *Mota*, 261 F.3d at 530.

## ANALYSIS

The parties should have been able to apply the foregoing law to the many minuscule facts the parties now seek to burden the Court with determining. The parties should have been able to meet and confer and resolve these matters without having to take up the Court's limited resources to sort through invoices and arguments that the parties' able counsel should have been able to do through meeting, conferring and submitting an "agreed" bill of costs. Nevertheless, the Court will undertake the following tedious analysis.

Intel requests recovery for the following categories:

### 1. Fees of the clerk and marshal

Mitchell does not dispute these fees are recoverable. Accordingly, Intel's request

for recovery under this category is **GRANTED**.

### 2. Fees of the court reporter

Intel seeks reimbursement for the depositions of (1) Maurice Mitchell, (2) Plaintiff's four experts, (3) the attorney representing Mitchell during the prosecution of the '154 patent, and (4) nineteen witnesses noticed for deposition by Mitchell. Mitchell contends Intel failed to show how the deposition expenses it seeks reimbursement for were "necessarily obtained." *See Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir.1983).

 Intel has adequately shown that the depositions were necessarily obtained for use in the case. Intel took Mitchell's deposition because he represented to the Court and counsel that his health may prevent him from testifying at trial. Intel used testimony from Mitchell's experts in its successful motion for summary judgment and *Daubert* motions. Finally, Intel had a reasonable belief that Mitchell would seek to use the depositions of the nineteen Intel employees in its opposition to Intel's motion for summary judgment. In fact, Mitchell did cite testimony of some of these depositions in its opposition. Thus, recovery of the costs of these depositions is **GRANTED**.

However, Intel is not entitled to recover incidental costs associated with these depositions, such as the cost of expedited delivery charges, ASCII disks, condensed transcripts, real time reporting, and parking. These types of expenses are generally not recoverable, and Intel has provided no explanation for why these expenses were necessary. *See Fogleman*, 920 F.2d at 285. For example, the invoice for a certified copy of Todd Underwood's transcript lists a charge for third-day delivery totaling $244.08. A second invoice for a certified copy of Ray Mercer's transcript shows a charge for fifth-day delivery totaling $796.32. Intel does not give any reason why it was necessary to expedite these and other transcript copies. Without explanations for why it incurred these incidental expenses, the Court cannot determine whether the expenses were necessary. Mitchell's request for a reduction of Intel's costs award with respect to incidental costs for parking, real time reporting, rough drafts, condensed transcripts, ASCII, expedited delivery, and FEDEX charges is **GRANTED**.

In addition, Intel seeks to recover the cost of videotaped depositions. The Court did not give prior authorization for recovery of the cost of video depositions, therefore, the Court **DENIES** Intel's request for recovery of the costs for videotaping in their entirety. *See Gaddis*, 381 F.3d at 476.

 Finally, Mitchell argues that Intel did not provide whether the transcript expenses were for copies or originals, arguing copies would be for the convenience of counsel and thus not recoverable expenses. Copies of transcripts are recoverable provided they were necessarily obtained. *Fogleman*, 920 F.2d at 285–86. Intel provided the Court with a breakdown of its transcript invoices in its response to Mitchell's motion. The invoices demonstrate that it did not order multiple copies of transcripts. However, nothing in Intel's invoices or responses demonstrates why it needed certified copies in addition to the originals of several transcripts. The affidavit of Christa Anderson merely states the need for the depositions in the first place. No reason is given for why certified copies were necessary as opposed to for the convenience of counsel. Accordingly, Mitchell's request for reduction of costs in the amount equal to all copies of deposition transcripts is **GRANTED**.

### 3. Fees for exemplification and copies of papers necessarily obtained for use in the case

Intel seeks an award of $205,600.04 in photocopying and graphics costs. Mitchell challenges this amount on the grounds that it cannot determine from Intel's Bill of Costs what items were copied, whether multiple copies of the identical items were copied, and whether the copies were necessary for use in this case.

Intel attached over 130 invoices related to photocopies in its response to Mitchell's motion. These invoices offer little, if any, explanation as to what the copies are for or why the costs were necessary trial costs. For example, one invoice merely states "Data for Pete MacWilliams 'Email'" and has a total cost of $36,209.58. The Court cannot make a determination from its review of the invoices whether these are necessary expenses. Therefore, the Court **ORDERS** the parties to meet and confer in light of the law stated above and file an agreed revised bill of costs showing the adjusted photocopying expenses. If the parties cannot agree on a total recovery for this category, the Court will set this motion for hearing so the parties can demonstrate the necessity of these costs.

### 4. Court appointed expert

Mitchell does not contest that the fees for the Court appointed technical expert are recoverable, therefore Intel's request for recovery of the Court appointed expert fees is **GRANTED.**

### Mitchell's extraneous matters

Mitchell argues that the motion is untimely in light of Mitchell's appeal to the Federal Circuit. Mitchell cites to no authority to support this position and the Court finds none. Accordingly, this argument is without merit.

Mitchell further argues that Intel should not recover deposition costs related to discovery of other theories outside the scope of its motion for summary judgment. The Court looks at the case as a whole to determine who is the prevailing party and which costs are recoverable. *See Fogleman,* 920 F.2d at 286. Because Intel is the prevailing party, it is entitled to all costs allowed under § 1920 and "necessarily obtained for use in the case." *Id.* Intel was reasonable in its pursuit of various theories in this litigation, therefore, Intel may recover the costs as set forth above.

### CONCLUSION

Fifth Circuit law is clear on which costs are and are not recoverable. This matter should never have had to come before this Court as a legitimate dispute. Many of the costs Intel seeks are plainly not recoverable under Fifth Circuit precedent. Accordingly, those costs have been denied. Other costs Intel seeks are likely recoverable under Fifth Circuit precedent; however Intel has not shown that they are in fact recoverable as "necessarily obtained for use in the case." Accordingly, those costs have also been denied. As the law is clear on what may and may not be recoverable, this Court will not wade through invoices to determine what is recoverable. That responsibility is on the party seeking to recover the costs. Intel may recover only those costs where it has met its burden of demonstrating that those are recoverable.

Intel's requests in its bill of costs related to fees of the clerk and marshal and Court appointed expert fees are **GRANTED.** Intel's request in its bill of costs related to fees of the court reporter is **GRANTED** in part and **DENIED** in part. The parties are **ORDERED** to meet, confer and compromise with respect to the photocopying expenses within fifteen days of the date of this order. The parties are **ORDERED** to

file an agreed adjusted bill of costs within 30 days of the date of this order. If the parties cannot agree, they shall file a disagreed bill of costs indicating their areas of disagreement and the Court will set a hearing on same at which **LEAD TRIAL COUNSEL** will be **ORDERED TO APPEAR** to explain to the Court why they have not been able to resolve their differences.

So **ORDERED.**